UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Danielle M. K., Parent and Natural Guardian of D.E.K., | Case No. 20-cv-561 (NEB/TNL) |
| Plaintiff, | **ORDER** |
| v. | |
| Andrew M. Saul, Commissioner of Social Security, | |
| Defendant. | |

---

Stephanie M. Balmer, Falsani, Balmer, Peterson & Balmer, 1200 Alworth Building, 306 West Superior Street, Duluth, MN 55802 (for Plaintiff); and

Kizuwanda Curtis, Special Assistant United States Attorney, Social Security Administration, 1301 Young Street, Suite A702, Dallas, TX 75202 (for Defendant).

---

This matter is before the Court on Defendant's Motion for Stay of Proceedings. (ECF No. 12). For the reasons set forth below, the Court will grant in part and deny in part the motion.

## I. BACKGROUND

Plaintiff seeks review of a December 2019 decision of the Appeals Council of the Social Security Administration ("SSA") denying a claim for Supplemental Security Income. (ECF No. 1). Defendant is required to answer the complaint and file the administrative record on or before April 24, 2020. (ECF No. 8).

Defendant has moved to stay proceedings. (ECF No. 12). In support of the motion, Defendant indicates that in-office services have been suspended at the SSA as a result of

the COVID-19 pandemic. As a result, Defendant is not able to "perform critical in-person physical tasks required to prepare the transcript" of the matter. (ECF No. 12, p. 2). Defendant suggests the Court stay the matter indefinitely and order the SSA to inform the Court of any developments affecting the stay every 30 days. Plaintiff does not oppose the motion. (ECF No. 14).

## II. ANALYSIS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238 (8th Cir. 2013). "While the Court's inherent power to manage its docket places this decision within the Court's broad discretion, "the proponent of a stay bears the burden of establishing its need." *KK Motors, Inc. v. Brunswick Corp.*, No. 98-cv-2307, 1999 WL 246808 (D. Minn. Feb. 23, 1999 "Because a stay of proceedings has the potential to damage the party opposing it, the decision to stay should weigh the 'competing interests and maintain an even balance,' recognizing that the Supreme Court has counseled moderation in use." *In re Wholesale Grocery Prods. Antitrust Litig.,* No. 09-md-2090, 2013 WL 6533154 (D. Minn. Dec. 13, 2013) (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

In this case, Defendant has established good cause for a stay. Plaintiff does not object or argue that a stay would cause her prejudice. But given the importance that Social Security benefits have to their recipients, and the fact that these matters already take substantial time to complete, the Court cannot conclude that an indefinite stay of all proceedings is warranted at this time. The Court therefore will stay the matter for 60 days,

at which time Defendant may reapply to extend the stay if the SSA believes a further stay is necessary given the COVID-19 pandemic.

## III.   CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Stay of Proceedings (ECF No. 12) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**

    a. The matter is stayed for 60 days from the date this Order is filed.

    b. The stay shall lift automatically, absent further order from the Court.

2. All prior consistent orders remain in full force and effect.

[continued on next page]

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April 21, 2020                                                                  *s/ Tony N. Leung*
                                                                                                  Tony N. Leung
                                                                                                  United States Magistrate Judge
                                                                                                  District of Minnesota

                                                                                                  *Danielle M.K. v. Saul*
                                                                                                  Case No. 20-cv-561 (NEB/TNL)