UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Danielle M. K., Parent and Natural Guardian of D.E.K., | Case No. 20-cv-561 (NEB/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

Stephanie M. Balmer, Falsani, Balmer, Peterson & Balmer, 1200 Alworth Building, 306 West Superior Street, Duluth, MN 55802 (for Plaintiff); and

Kizuwanda Curtis, Special Assistant United States Attorney, Social Security Administration, 1301 Young Street, Suite 350, Mailroom 104, Dallas, TX 75202 (for Defendant).

## I. INTRODUCTION

Plaintiff Danielle M. K. brings the present case, contesting Defendant Commissioner of Social Security's denial of an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, on behalf of her minor child, D. E. K. This matter is before the undersigned United States Magistrate Judge on cross motions for summary judgment, Plaintiff's Motion for Summary Judgment, ECF No. 24, and the Commissioner's Motion for Summary Judgment, ECF No. 26. These motions have been referred to the undersigned for a report and recommendation

1

to the district court, the Honorable Nancy E. Brasel, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

Based upon the record, memoranda, and the proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion be **DENIED** and the Commissioner's motion be **GRANTED**.

## II. PROCEDURAL HISTORY

Plaintiff applied for SSI asserting that her child has been disabled since September 2016 due to attention deficit hyperactivity disorder, disruptive behavior disorder, and emerging oppositional defiance disorder. Tr. 11, 145, 147, 158-59, 170. Plaintiff's application was denied initially and again upon reconsideration. Tr. 11, 153, 157, 166, 170. Plaintiff appealed by requesting a hearing before an administrative law judge ("ALJ"). Tr. 11, 174.

### A. ALJ

The ALJ held a hearing in May 2019. Tr. 11, 116. At the hearing, Plaintiff was unrepresented. Tr. 116. At the outset of the hearing, the following exchange occurred between Plaintiff and the ALJ:

> ALJ: I need to inform you first of all that you have the right to be represented by an attorney or a non-attorney, and that person may help you obtain and submit records, explain medical terms, make requests, protect your rights and present evidence in a light most favorable to your case. . . . There are some legal service organizations that offer free legal representation if you qualify under their rules, but these are usually need based and may vary by ability, by geography. Of course, you may choose to proceed today without a representative. Do you understand your rights to representation?

> PLAINTIFF: Yes, sir, I do.
>
> ALJ: Okay. Do you want to postpone the case for a period of time in order to try to get a representative or do you want to proceed with the case today?
>
> PLAINTIFF: I already did try to get a representative and I just, it was a lot of rigamarole, we'll say, so I would just prefer, let's just go ahead today if we could, please.
>
> ALJ: Oh yeah. Well no problem at all.

Tr. 116-17.

The ALJ then proceeded to ask Plaintiff a series of questions regarding the exhibits that had been submitted and whether the evidence was up to date:

> ALJ: All right. And you've had an opportunity to see what all we have in your record, is that correct?
>
> PLAINTIFF: Yes, sir.
>
> ALJ: Okay. And do you have any objections to any of those exhibits that we have in the record?
>
> PLAINTIFF: Not that I am aware of, sir, no. Everything that I saw was accurate to the best of my knowledge.
>
> ALJ: And do we have everything that you wanted us to have, or is there still stuff out there that's not been gotten yet?
>
> PLAINTIFF: I believe you have everything. I tried to get as many medical records, you know, to get caught up to current as I could to you guys.
>
> ALJ: Yeah.
>
> PLAINTIFF: So, I mean I guess, there's nothing really big or major has changed since.
>
> ALJ: Okay. Yeah.

>PLAINTIFF: It's just been a continuance of therapy, et cetera, et cetera.
>
>ALJ: Okay. That's the most important thing to [sic] me to know, because we have Essentia Health through May of 2018.
>
>PLAINTIFF: Yes.
>
>ALJ: But if it's still just ongoing care, it's not going to change the case in any way.
>
>PLAINTIFF: Right.
>
>ALJ: There's no big change since then?
>
>PLAINTIFF: No big changes, no. It's just ongoing care, ongoing therapy and the possibility of medication coming up if this therapy thing doesn't work. So, basically, it's still, it's the same.

Tr. 117-18.

At the end of the hearing, the ALJ asked Plaintiff whether there was "anything else that you'd like to say or think that I need to know before I close the case." Tr. 142. Plaintiff responded that there was not. Tr. 142.

The ALJ subsequently issued an unfavorable decision. *See generally* Tr. 11-24. The ALJ found that Plaintiff's child had the severe impairments of attention deficit hyperactivity disorder, disruptive behavior disorder with emerging oppositional defiant disorder, and depressive disorder but none of these impairments individually or in combination met or equaled a listed impairment or was functionally equivalent to a listed impairment. Tr. 14-23. The ALJ determined that Plaintiff's child was not disabled up through June 4, 2019. *See* Tr. 23-24.

### B. Appeals Council

After receiving an unfavorable decision from the ALJ, Plaintiff requested review from the Appeals Council, which was denied. *See* Tr. 1, 217-18. As part of her request for review, Plaintiff submitted additional evidence, consisting of three functional reports completed by family friends (dated July 29, August 5, and October 26, 2019), Tr. 29-58; medical records related to psychological treatment from October 2018 through August 2019, Tr. 62-86, 100-03; and medical records related to visits for a well-child check in October 2018, Tr. 104-09, and cold symptoms in February 2019, Tr. 87-89.

As for those records dated up through May 2019, the Appeals Council determined that "this evidence does not show a reasonable probability that it would change the outcome of the [ALJ's] decision." Tr. 2. Accordingly, the Appeals Council "did not exhibit this evidence." Tr. 2.

As for the three functional reports and the psychological records post-dating the ALJ's decision, the Appeals Council stated that "[t]his additional evidence d[id] not relate to the period at issue." Tr. 2. Because Plaintiff's case was decided "through June 4, 2019," this evidence did "not affect the decision about whether [Plaintiff's child was] disabled beginning on or before June 4, 2019." Tr. 2.

### C. Federal Court

Plaintiff subsequently filed the instant action, challenging the ALJ's decision. Compl., ECF No. 1. The parties have filed cross motions for summary judgment. ECF Nos. 24, 26. This matter is fully briefed and ready for a determination on the papers.

## III. ANALYSIS

This Court reviews whether the ALJ's decision is supported by substantial evidence in the record as a whole. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* "It means—and means only— such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted); *see Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011) ("Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision.").

This standard requires the Court to "consider both evidence that detracts from the [ALJ's] decision and evidence that supports it." *Boettcher*, 652 F.3d at 863. The ALJ's decision "will not [be] reverse[d] simply because some evidence supports a conclusion other than that reached by the ALJ." *Id.*; *accord Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012). "The court must affirm the [ALJ's] decision if it is supported by substantial evidence on the record as a whole." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (quotation omitted). Thus, "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Perks*, 687 F.3d at 1091 (quotation omitted); *accord Chaney*, 812 F.3d at 676.

"A minor child is considered disabled and thus entitled to SSI if he or she 'has a medically determinable physical or mental impairment, which results in marked and severe functional limitations,' and which has lasted or is expected to last at least a year." *Brown ex rel. Williams v. Barnhart*, 388 F.3d 1150, 1151 (8th Cir. 2004) (quoting 42 U.S.C.

6

§ 1382c(a)(3)(C)(i)); *accord Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 646-47 (8th Cir. 2004); *see also* 20 C.F.R. § 416.906. "The Commissioner is required to undergo a three-step sequential evaluation process when determining whether a child is entitled to SSI benefits." *Carter ex rel. E. K. W. v. Saul*, No. 4:18CV1748 HEA, 2019 WL 5696143, at *4 (E. D. Mo. Nov. 4, 2019); *see* 20 C.F.R. § 416.924(a); *see also Garrett*, 366 F.3d at 647. "First, the minor child cannot be gainfully employed." *Garrett*, 366 F.3d at 647; *see* 20 C.F.R. § 416.924(b). "If the child meets this threshold requirement and is not engaged in substantial gainful activity, the ALJ must next consider whether the child's impairment or combination of impairments is 'severe.'" *Garrett*, 366 F.3d at 647; *see* 20 C.F.R. § 416.924(c). "If so, the ALJ determines whether the child's impairments meet, medically equal, or functionally equal a listed impairment set out in Appendix 1 of 20 C.F.R. Part 404, Subpart P." *Garrett*, 366 F.3d at 647; *see* 20 C.F.R. § 416.924(d). If the child's impairments do not meet, medically equal, or functionally equal a listed impairment, the child is not disabled. *See Carter*, 2019 WL 5696143, at *4.

Plaintiff asserts that the ALJ failed to develop the record and the Appeals Council erred by refusing to consider the post-hearing evidence she submitted.

### A. Development of the Record

According to Plaintiff, at the time of the May 2019 hearing before the ALJ, the administrative record contained medical records for Plaintiff's child through May 2018. Plaintiff argues that the ALJ "made no effort to obtain updated medical records or even more detail about what the updated medical care consisted of." Pl.'s Mem. in Supp. at 7, ECF No. 25. Rather, according to Plaintiff, "the [ALJ] simply relied upon Plaintiff's

7

characterization of [her child's] treatment during the missing time period" to determine such records would not change the case. Pl.'s Mem. in Supp. at 7.

"[S]ocial [S]ecurity hearings are non-adversarial." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press [her] case." *Id.*; *see, e.g.*, *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017); *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010). At the same time, "this duty is not never-ending and an ALJ is not required to disprove every possible impairment." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). "An ALJ does not fail in his [or her] duty to develop the record if substantial evidence exists to allow the ALJ to make an informed decision." *Hey v. Colvin*, 136 F. Supp. 3d 1021, 1046 (D. Minn. 2015); *see Hilliard v. Saul*, 964 F.3d 759, 763 (8th Cir. 2020) ("[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." (alteration in original) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)).

"A [claimant] seeking to reverse an ALJ's decision due to the failure to adequately develop the record bears a heavy burden: a [claimant] must show both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Hey*, 136 F. Supp. 3d at 1046; *see Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *see also Twyford v. Comm'r*, 929 F.3d 512, 517 n.3 (8th Cir. 2019). "There is no bright line rule indicating when the [ALJ] has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008); *accord*

*Smith v. Astrue*, 232 F. App'x 617, 619 (8th Cir. 2007) (per curiam).  And, "[u]ltimately, the claimant bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment."  *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

    First, as the Commissioner points out, it is not the case that the administrative record before the ALJ contained records only through May 2018.  With the exception of one set of progress notes from a February 19, 2019 appointment with a psychologist, the administrative record contained those medical records up through February 2019 that were submitted by Plaintiff to the Appeals Council as additional evidence.  *Compare* Tr. 83-109 *with* Tr. 311-27.  These records were logged as Exhibit 15E, "Recent Medical Treatment."  Tr. 27.  And, while the ALJ characterized the administrative record as containing medical records "through May of 2018" at the hearing, Tr. 118, it is clear that these more recent medical records were considered by the ALJ as every page of the substantive portion of the ALJ's decision addressing whether the child's severe impairments individually or in combination were functionally equivalent to a listed impairment contains multiple citations to the medical records in question.  *See, e.g.*, Tr. 16-23 (citations to 15E).

    Second, while Plaintiff argues the ALJ should have obtained additional medical records rather than relying on her own testimony regarding the nature of her child's most recent treatment, nothing in Plaintiff's testimony suggested the record lacked sufficient evidence as to any of the issues.  The ALJ specifically asked Plaintiff whether she had an opportunity to review the medical records in the administrative record and whether there was any additional information Plaintiff wanted to provide that had not already been

submitted. Plaintiff confirmed that she believed everything had been submitted. Plaintiff also stated that "nothing really big or major has changed since," and the child's treatment consisted of ongoing care and therapy along with the possibility of medication if therapy was unsuccessful. Tr. 118. The ALJ went on to clarify the nature of the child's most recent treatment, verifying with Plaintiff that there had been "no big change since then." Tr. 118. Plaintiff agreed, telling the ALJ, "No big changes, no," and "So, basically, it's still, it's the same." Tr. 118. It was not unreasonable for the ALJ to infer from Plaintiff's statements that all of the pertinent evidence had been submitted.

Third, Plaintiff has not articulated what aspect of the record remained undeveloped. Nor has she claimed unfairness or prejudice as a result of any purported failure to further develop the record. Indeed, Plaintiff has not specifically challenged any of the ALJ's findings and conclusions, claiming only that the ALJ should have obtained additional information without explaining how such additional information would have resulted in a different decision. *See Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008).

In sum, the Court concludes that the ALJ did not fail to develop the record.

### B. Evidence Submitted to Appeals Council

Under the regulations, the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."[1] 20 C.F.R. § 416.1470(a)(5).

---

[1] The Appeals Council will, however, "only consider [such] additional evidence under paragraph (a)(5) of this section if [the claimant] shows good cause for not informing [the Social Security Administration] about or submitting the evidence" prior to the hearing before the ALJ. 20 C.F.R. § 416.1470(b). One of the ways a claimant

Plaintiff's argument that the Appeals Council erred by refusing to consider[2] the post-hearing evidence she submitted is based on a partially, if not largely, incorrect premise. Plaintiff asserts that "[t]he October 2018 and January 2019 pediatric psychiatrist and psychologist evaluations . . . were new . . . because, as the [ALJ] stated at the hearing, the record contained only medical records through May 2018." Pl.'s Mem. in Supp. at 7. As stated above, however, this is not an accurate summation of the record. Indeed, the "October 2018 and January 2019 pediatric psychiatrist and psychologist evaluations," Pl.'s Mem. at 7, 8, were not only part of the "Recent Medical Evidence" before the ALJ, but were also specifically cited and discussed by the ALJ. *Compare* Tr. 94-98, 100-03 *with* Tr. 316-22 (pages 8-14 of Exhibit 15E) *and* Tr. 16-20 (ALJ referencing pages 8-12 of Exhibit 15E). Thus, fundamentally, the very evidence Plaintiff asserts was new and material was, in fact, already part of the administrative record and expressly considered by the ALJ.

Plaintiff's post-hearing evidence also included psychological records between March and May 2019, which were not previously part of the administrative record and relate to the period at issue. Assuming for sake of argument that these records are material,

---

can establish good cause is if he or she was "misled" by an action of the Social Security Administration. *Id.* § 416.1470(b)(1). Plaintiff asserts that she had good cause for not submitting the evidence earlier because she "was mislead [by the ALJ] about the import of [the child's] medical care between May 2018 and May 2019" at the hearing. Pl.'s Mem. in Supp. at 9. The Commissioner responds, "As the Appeals Council accepted Plaintiff's additional evidence and evaluated it under relevant standards, the Appeals Council obviously found here [sic] was good cause for the late submission. Thus, Plaintiff's argument regarding good cause is irrelevant." Comm'r's Mem. in Supp. at 7, ECF No. 27. As the Commissioner has not challenged the existence of good cause, the Court declines to address whether the ALJ's statements at the hearing misled Plaintiff.

[2] The Court uses "considering" in the proper context. *See, e.g.*, *Joseph R. C. v. Berryhill*, No. 18-cv-456 (JRT/TNL), 2019 WL 720193, at *17 n.19 (D. Minn. Jan. 28, 2019), *report and recommendation adopted sub nom. Chryst v. Berryhill*, 2019 WL 722636 (D. Minn. Feb. 20, 2019); *Steven D. A. v. Comm'r of Soc. Sec.*, No. 17-cv-819-CJP, 2018 WL 3438856, at *7 (S.D. Ill. July 17, 2018). It is clear that the Appeals Council considered the evidence in the colloquial sense, *i.e.*, it examined the evidence.

Plaintiff has not made any attempt to demonstrate that there is a reasonable probability that this post-hearing evidence would change the outcome of the ALJ's decision. Stated differently, Plaintiff has not explained how this evidence shows her child's severe impairments meet, medically equal, or functionally equal a listed impairment.

Lastly, Plaintiff's post-hearing evidence included three functional reports and additional psychological records, all of which post-dated the ALJ's decision. "[E]vidence is material if it is 'relevant to claimant's condition for the time period for which benefits were denied.'" *Lamp v. Astrue*, 531 F.3d 629, 632 (8th Cir. 2008) (quoting *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000)). "The timing of an examination is not dispositive of whether evidence is material; medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000); *see Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) ("Medical evidence can, of course, provide information about a claimant's condition at an earlier date . . . ."). The Appeals Council determined that this evidence did not relate to the period at issue, and thus was not material. Plaintiff has made no argument to the contrary. Moreover, even again assuming for sake of argument that this evidence is material, Plaintiff has similarly not made any attempt to demonstrate that there is a reasonable probability that the evidence would change the outcome of the ALJ's decision.

At bottom, Plaintiff has not articulated what in particular is to be gleaned from the post-hearing evidence and what if any impact it would have on the ALJ's decision. Plaintiff has done nothing more than assert in conclusory fashion that the Appeals Council erred by

not considering the new evidence. *See Joseph R. C.*, 2019 WL 720193, at *18. Plaintiff is represented by counsel and the Court will not craft arguments for her. *See Laveau v. Astrue*, No. 11-cv-505 (SRN/LIB), 2012 WL 983598, at *12 n.6 (D. Minn. Feb. 14, 2012), *adopting report and recommendation*, 2012 WL 983630 (D. Minn. Mar. 22, 2012); *see also Joseph R. C.*, 2019 WL 720193, at *18. Plaintiff's failure to explain why there is a reasonable probability that the post-hearing evidence would have changed the outcome of the ALJ's decision has waived the issue.[3] *See Hacker v. Barnhart*, 459 F.3d 934, 937 n.2 (8th Cir. 2006) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." (quotation omitted)); *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) ("We reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings."); *see also Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012).

[Continued on next page.]

---

[3] In a similar vein, Plaintiff has not articulated what effect the post-hearing evidence has on whether the ALJ's decision is supported by substantial evidence in the record as a whole. *See Cunningham*, 222 F.3d at 500 ("Here, the Appeals Council denied review, finding that the new evidence was either not material or did not detract from the ALJ's conclusion. In these circumstances, we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination." (citing *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)); *accord Van Vickle*, 539 F.3d at 828.

## IV. RECOMMENDATION

Based upon the record, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgement, ECF No. 24, be **DENIED** and the Commissioner's Motion for Summary Judgment, ECF No. 26, be **GRANTED**.

Dated: June    25   , 2021              *s/ Tony N. Leung*
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *Danielle M. K. v. Saul*
                                        Case No. 20-cv-561 (NEB/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).